# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES STRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-340 |
| | ) | |
| THE STATE OF KANSAS, THE | ) | |
| U.S. FEDERAL TENTH CIRCUIT | ) | |
| COURT KANSAS AND | ) | |
| COLORADO, THE KANSAS DEPT. | ) | |
| CORRECTIONS AND OFFICERS | ) | |
| UNION, and K.O.S.E., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff James Strader, a prisoner at Lansing Correctional Facility in Lansing, Kansas, has submitted a 42 U.S.C. § 1983 Complaint alleging that he suffered various physical injuries stemming from his incarceration in Kansas. Doc. 1 at 5-6. Strader, however, has sent his complaint to the United States District Court for the Southern District of Georgia, which has no apparent link to his claims. *Id.* at 1. Because these claims are more appropriately heard in another district, this case is **TRANFSERRED** to the District of Kansas.

1

Generally, a civil action may be brought in either the district in which any defendant resides or the district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). None of the defendants listed by Strader reside in the Southern District of Georgia, doc. 1 at 1, and none of the allegations giving rise to his claim appear to have occurred in this district. *See id.* at 6 (Strader lists the correctional facilities where his claims arose as "El Dorado Correctional Facility KS," "Hutchinson Correctional Facility KS," "Lansing . . . Correctional Facility," and "Lansing Max Correctional Facility."). There is, therefore, no apparent basis for venue in this Court.

Moreover, it appears that Strader may have chosen to file in this District to avoid the effects of prior decisions by the District of Kansas. The District of Kansas has held that Strader has, on at least three prior occasions, filed cases which were dismissed as "strikes" under § 1915(g). *Strader v. Kansas*, 21-3204-SAC, doc. 3 at 1 (D. Kan. Sept. 2, 2021). Strader's choice of venue in the Southern District of Georgia, which has no apparent connection to his claims, appears to be an attempt to circumnavigate his status as a "three strikes" plaintiff by filing in a

federal district where the district court has not yet recognized his status as a "three strikes" plaintiff.

When a civil claim is brought in an improper venue, the district court must either dismiss or transfer the case to a proper district. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."). Having reviewed the filings, the Court concludes that the interests of justice militate in favor of transfer. Accordingly, the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the District of Kansas.

**SO ORDERED**, this 30th day of November, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA